UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS THOMAS, #201014,

        Petitioner,

                                    CASE NO. 5:06-CV-15465

v.                                HONORABLE JOHN CORBETT O'MEARA
                                      UNITED STATES DISTRICT JUDGE

HUGH WOLFENBARGER,           HONORABLE VIRGINIA M. MORGAN
                                      UNITED STATES MAGISTRATE JUDGE

        Respondent.

_____/

**Respondent's Answer in Opposition to Petition for Writ of Habeas Corpus**

**Relevant Facts and Procedural History**

      Following a bench trial, Petitioner Dennis Thomas was convicted of second-degree murder, possession of a firearm by a felon, and possession of a firearm during the commission of a felony.  In March 2004, Petitioner was sentenced to 20-to-70 years in prison for his second-degree murder conviction, 2-to-7½ years in prison for his felon in possession conviction, and five years in prison for his felony-firearm conviction.  Petitioner's convictions stem from the murder of 47-year-old Vance Spragner in January 2003.  The prosecutor's theory was that Petitioner shot and killed his neighbor Mr. Spragner—who was at Petitioner's home—because Petitioner believed that Mr. Spragner had stolen some marijuana from him.  Joseph Glover, who had been doing some handy work on Petitioner's house, was a witness to the shooting.  Mr. Spragner also made several statements to neighbors before he died.[1]

_____

[1]  Additional facts will be provided as needed.  Respondent objects to Petitioner's statement of the facts to the extent that the statements are not supported by the record.

In April 2004, Petitioner filed a claim of appeal with the Court of Appeals and raised the following claims through counsel:

I.      There was insufficient evidence at trial to support the trial court's verdict of second-degree murder.

II.     [Petitioner] was denied his state and federal constitutional right to the effective assistance of counsel when trial counsel failed to file an alibi notice and failed to call alibi witnesses.

The People filed a brief on appeal. (People's brief on appeal dated 12/17/04, Court of Appeals No. 255126) Petitioner then filed a pro per supplemental brief and raised the following claims:

III.    [Petitioner] was denied his state and federal constitutional right to cross-examine his accuser under the Confrontation Clause of USCA VI.

IV.     [Petitioner] was denied a fair trial when trial court abused its discretion when it allowed Kellie Woodson's statement to use as excited utterance exception to the hearsay rule, MRE 803(2).

On June 14, 2005, the Court of Appeals issued an unpublished per curiam opinion affirming Petitioner's convictions. (*People v Thomas*, Court of Appeals No. 255126)

In September 2005, Petitioner filed an application for leave to appeal with the Michigan Supreme Court and appears to have raised the same claims that he raised in the Court of Appeals. On March 22, 2006, the Michigan Supreme Court issued an order denying Petitioner's application for leave to appeal because it was not persuaded that the questions presented should be reviewed. (*People v Thomas*, Michigan Supreme Court No. 129419)

In December 2006, Petitioner, pursuant to 28 USC § 2254, filed a habeas petition. He raises the following claims in his petition:

I.      There was insufficient evidence at trial to support the trial court's verdict of second-degree murder.

II.     [Petitioner] was denied his state and federal right to effective assistance of counsel.

III.     [Petitioner] was denied his state and federal constitutional right to cross-examine his accuser.

IV.     The trial court abused its discretion when it allowed Kelly Woodson's hearsay statement to be used as an excited utterance.

Respondent now answers the petition and respectfully requests that this Court deny habeas relief for the reasons below.  In addition, Respondent asserts any and all available defenses including failure to exhaust state court remedies, the statute of limitations, and procedural default for each claim to which it is applicable.  Respondent opposes any request for discovery, evidentiary hearings, bond, oral argument, or any other relief.

**Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) altered the standard of review that federal courts must apply when reviewing applications for a writ of habeas corpus.  The AEDPA applies to all habeas petitions filed after the effective date of the act, April 24, 1996.  Because Petitioner's application was field after April 24, 1996, the provisions of the AEDPA, including the amended standard, apply to this case.

As amended, 28 USC § 2254(d) imposes the following standard of review that a federal court must utilize when reviewing applications for a writ of habeas corpus:

(d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or

(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

3

Under 28 USC § 2254(d)(1), the writ may issue only if one of two conditions is satisfied—the state court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application . . . of clearly established Federal law, as determined by the Supreme Court of the United States."  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing principle from the Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case.  *Williams v Taylor*, 529 US 362 (2000),

> [I]n § 2254(d)(1), Congress specifically used the word "unreasonable,"  and not a term like "erroneous" or "incorrect."  Under § 2254(d)(2)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established law erroneously or incorrectly.  Rather, that application must also be unreasonable.  *Id.*

Even prior to the enactment of the AEDPA, the Supreme Court stated that a "federal habeas court, should, of course, give great weight to the considered conclusions of a coequal state judiciary."  *Miller v Fenton*, 474 US 104, 112 (1985).  The Supreme Court has warned the federal courts against too readily granting habeas relief simply because it disagrees with the state court's decision.  In *Miller-El v Cockrell*, 537 US 322, 340 (2003), the Supreme Court stated: "A federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system."  In *Woodford v Visciotti*, 537 US 19, 24 (2002), the Supreme Court stated 28 USC § 2254(d) imposes a highly deferential standard for evaluating

state court rulings on habeas review, and "demands that state court decisions be given the benefit of the doubt."  The Supreme Court further stated that a "readiness to attribute error is inconsistent with the presumption that state courts know and follow the law."  *Woodford*, 537 US at 24.

## Argument

I.  **Petitioner's first habeas claim is without merit and the state court adjudications of this claim were neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent, or an unreasonable determination of the facts.**

In his first habeas claim, Petitioner alleges that there was insufficient evidence to support his bench-trial conviction of the second-degree murder of Vance Spragner.  Petitioner raised this claim in his direct appeal but the Michigan Court of Appeals rejected it:

> Defendant first argues that there was insufficient evidence to support his conviction. We disagree.
>
> A claim of insufficient evidence is reviewed de novo to determine if, when reviewed in the light most favorable to the prosecutor, the evidence presented could lead a rational trier of fact to find beyond a reasonable doubt that the elements of the crime were proven. The reviewing court must draw any reasonable inference and resolve any credibility conflict in support of the verdict. "The elements of second-degree murder are: (1) a death, (2) caused by an act of the defendant, (3) with malice, and (4) without justification or excuse."
>
> "'Malice is defined as the intent to kill, the intent to cause great bodily harm, or the intent to do an act in wanton and willful disregard of the likelihood that the natural tendency of such behavior is to cause death or great bodily harm.'" Because state of mind is hard to prove, minimal circumstantial evidence is required. Here, a witness observed defendant raise a gun, point it in the victim's direction, and fire it. Thus, when viewed in the appropriate light, the evidence was sufficient for the trial court to conclude that defendant had the requisite intent.
>
> Nevertheless, defendant argues that the prosecution failed to proffer any evidence that his shooting of the victim was "without justification or excuse," where the evidence at trial allegedly showed that the shooting was an accident. An accident is an excuse that will negate the intent element of murder. Defendant offered no evidence supporting his claim of "accident" at trial, but on appeal relies solely on the witness' erroneous belief that the gun was not loaded.[1] Although the eyewitness to the shooting testified that he heard defendant empty the chamber and a bullet fall to the floor, and he did not see whether defendant reloaded the gun, the witness' state of mind was irrelevant to whether defendant knew the gun was loaded. Therefore, we reject defendant's argument. [*People v Thomas*, unpublished per curiam opinion, pp 1-2, Michigan Court of Appeals No. 255126](citations omitted)

_____
[1] Defense counsel argued during closing argument that the weapon accidentally discharged when defendant was attempting to intimidate the victim; however, defendant, the only defense witness, testified that he was in Decatur, Illinois at the time the shooting occurred.

Clearly established Supreme Court law holds that the due process clause protects a criminal defendant from being convicted of a crime without proof beyond a reasonable doubt of every element of an offense.  *In re Winship*, 397 US at 358 (1970).  In *Scott v Elo*, 302 F3d 598, 602 (CA 6, 2002), the Sixth Circuit Court of Appeals stated:

> In *Jackson v Virginia*, [443 US 307 (1979)] the Court held that a petitioner is not entitled to habeas corpus relief based on insufficient evidence where, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  443 US 307, 319, 61 L Ed 2d 560, 99 S Ct 2781 (1979); *Sanders v Freeman*, 221 F3d 846, 856 (CA 6, 2000).  This standard applies whether the evidence of guilt was direct or circumstantial.  See *Spalla v Foltz*, 788 F2d 400, 402 (CA 6, 1986).

In this case, viewing all of the evidence in a light most favorable to the prosecution, the trial court judge was presented with overwhelming evidence to find Petitioner guilty of the charges beyond a reasonable doubt.  The record supports the Michigan Court of Appeals' determination.  The specific testimony and evidence presented at trial sufficiently establishes that a reasonable trier of fact could find beyond a reasonable doubt Petitioner guilty of second-degree murder.  For the more-detailed reasons set forth by the People (see People's brief on appeal dated 12/17/04, pp 4-6), as well as for the reasons set forth by the Michigan Court of Appeals in its opinion, there was sufficient evidence to support the trial judge's verdict.

The record supports the state court adjudications and Petitioner has failed to establish that and the state court adjudications of this issue were either contrary to, or an unreasonable

application of, clearly established Supreme Court precedent, or an unreasonable determination of the facts.  Therefore, Petitioner should be denied habeas relief on this claim.

**II.    Petitioner's second habeas claims is not cognizable and without merit and the state court adjudications of this claim were neither an unreasonable application of clearly established Supreme Court precedent nor an unreasonable determination of the facts.**

In his second habeas claim, Petitioner alleges that his state and federal constitutional rights to the effective assistance of counsel were violated where trial counsel failed to file an alibi notice and failed to call alibi witnesses.  Petitioner raised this claim on direct appeal but the Court of Appeals rejected it:

> Defendant next argues that defense counsel's alleged failure to adequately investigate or call potential alibi witnesses, and failure to provide notice of an alibi defense deprived him of his right to effective assistance of counsel. We disagree.
>
> Challenges to the effectiveness of trial counsel present mixed questions of fact and constitutional law. The court's factual findings are reviewed for clear error while constitutional questions are reviewed de novo. To establish ineffective assistance of counsel, a defendant must show: (1) that counsel performed below an objective standard of reasonableness, and (2) it was reasonably probable that the result of the proceedings would have been different had it not been for counsel's errors. To show that counsel's performance was below an objective standard of reasonableness, a defendant must overcome the presumption that counsel's actions were sound trial strategy.
>
> Counsel's failure to call witnesses is presumed to be trial strategy, and relief is warranted only when the failure deprived the defendant of a substantial defense. While defendant alleges in general terms that counsel's failure to provide notice of an alibi defense and failure to investigate and call alibi witnesses deprived him of a substantial defense, he has failed to establish the factual predicate for his claim. Defendant testified at trial that he lived in Decatur, Illinois from September, 2002, to November 10, 2003, and, thus, was not in Michigan when the murder occurred.[2] Although he claimed to have lived in another state for fourteen months, he has not provided the name or affidavit of a single witness who could verify his assertion.
>
> Regardless, defendant fails to demonstrate a reasonable probability that, but for counsel's purported errors, the result of the proceedings would have been different. One witness testified that he was standing a few feet away when he saw defendant point and shoot the gun at the victim, and he shortly thereafter saw the victim moaning on the ground. Two other witnesses testified that the victim identified defendant as his shooter. One of the witnesses—the victim's brother—

stated that defendant and the victim had been friends, and the three witnesses testified that they knew defendant, indicating that this was not a case of mistaken identity. Notwithstanding defendant's claim that he was in Illinois at the time of the shooting, defendant admitted at trial that he used to live at the house where the shooting occurred. Even if alibi testimony had been presented, there is no indication, given the overwhelming evidence to the contrary, that the result of the proceedings would have been different. [*People v Thomas*, unpublished per curiam opinion, Court of Appeals No. 255126](citations omitted)

_____

2 We note that defendant's testimony in this regard was brought out on cross examination rather than direct examination. Defense counsel's questions on direct appeared carefully tailored to avoid defendant's assertion that he was in Illinois at the time of the murder. Strategically, this could be because of the purported statement by defendant's mother to police, which was used by the prosecutor to impeach defendant's claim that he was out of state.

To the extent that Petitioner alleges a violation of his rights under the Michigan Constitution or Michigan law, such claims are not cognizable upon federal habeas review. A federal habeas court may only grant habeas relief to a petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 USC 2241(c)(3); 28 USC 2254(a). Therefore, habeas relief may not be based upon perceived error of state law. *Gilmore v Taylor*, 508 US 333 (1993); *Estelle v McGuire*, 502 US 62 (1991); *Lewis v Jeffers*, 497 US 764 (1990); *Smith v Phillips*, 455 US 209 (1982). Petitioner has failed to establish a violation of his federal constitutional rights.

The Sixth Amendment right to counsel and the right to effective assistance of counsel protect the fundamental right to a fair trial. *Strickland v Washington*, 466 US 668 (1994). To show that he was denied the effective assistance of counsel under federal constitutional standards, Petitioner must demonstrate that, considering all of the circumstances, counsel's performance fell below the objective standard of reasonableness and so prejudiced Petitioner that he was denied a fair trial and a reasonable probability exists that, but for counsel's conduct, the result would have been different. *Strickland,* 466 US at 669, 694.

Judicial scrutiny of counsel's performance must be highly deferential.  Courts presume that an attorney is competent and the burden rests upon the defendant to show a constitutional violation.  *United States v Pierce*, 62 F3d 818, 833 (CA 6, 1995).  A strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance.  *O'Hara v Wigginton*, 24 F3d 823, 828 (CA 6, 1994).  A petitioner must also overcome the presumption that under the circumstances, the challenged action might be considered sound trial strategy.  Strickland, 466 US at 689.  The *Strickland* Court cautioned that courts must take care to avoid second-guessing strategic decisions that did not prove successful.  *Strickland*, 466 US at 694.  The performance component of the *Strickland* test of ineffective assistance of counsel need not be addressed first; if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed.  *Smith v Robbins*, 528 US 259, 286 n.14 (2000).

The Court of Appeals' determination that Petitioner failed to establish the factual predicate for his claim, that Petitioner failed to rebut the presumption that counsel's failure to call alibi witnesses constituted sound trial strategy, and that Petitioner failed to demonstrate the requisite prejudice, was neither an unreasonable application of Supreme Court precedent nor an unreasonable determination of the facts.  Regarding the prejudice prong, the Court of Appeals reasonably concluded that even if alibi testimony had been presented, there is no indication, given the overwhelming evidence to the contrary, that the result of the proceedings would have been different.

The state court adjudications of Petitioner's ineffective assistance of counsel claims were neither an unreasonable application of clearly established Supreme Court precedent nor an unreasonable determination of the facts.  A fair reading of the Court of Appeals' opinion reveals

that it applied the appropriate constitutional test and that it applied it to the facts of Petitioner's case in an ordinary fashion to reach a reasoned decision.  Whether another court would have reached a different conclusion, the appellate court's decision here was at least objectively reasonable.  Therefore, Petitioner has not demonstrated entitlement to habeas relief with respect to his ineffective assistance of counsel claims.

III.   **Petitioner's third habeas claim is procedurally defaulted, not cognizable, and without merit and the state court adjudication of this claim was neither contrary to nor an unreasonable application of clearly established Supreme Court precedent or an unreasonable determination of the facts.**

In his third habeas claim, Petitioner alleges that his state and federal constitutional rights to confrontation were violated. Petitioner raised this claim on direct appeal but the Court of Appeals rejected it:

> Defendant next argues that the prosecutor's attempt to impeach him with a signed statement by his mother implicated his state and federal rights to confront witnesses against him under the Confrontation Clause, US Const, Ams VI, XIV; Const 1963, art 1, § 20. We disagree.
>
> Defendant's challenge based on the Confrontation Clause is raised for the first time on appeal and is therefore unpreserved. An unpreserved Confrontation Clause challenge is subject to review for plain error. To avoid forfeiture under the plain error rule, a defendant must show that clear and obvious error occurred, which prejudiced the defendant by affecting the outcome of the trial court proceedings. Reversal is required only when the plain error caused an innocent defendant to be convicted or seriously affected the fairness, integrity, or public reputation of the proceedings regardless of the defendant's innocence.
>
> "'The right of confrontation insures that the witness testifies under oath at trial, is available for cross-examination, and allows the jury to observe the demeanor of the witness.'" Recently, in *Crawford v Washington*, 541 US 36, 68; 124 SCt 1354; 158 LEd2d 177 (2004), the United States Supreme Court held that testimonial hearsay is admissible against a criminal defendant only if the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant. Although the *Crawford* Court "[left] for another day any effort to spell out a comprehensive definition of 'testimonial,'" it stated, "Whatever else the term covers, it applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations."
>
> Because defendant's mother's statement was made to a police officer, and the mother did not testify at trial, the statement arguably qualified as a "testimonial" statement. On the other hand, the statement was used to impeach defendant's testimony; it was not introduced as substantive evidence that defendant committed the crime, and it was not admitted into evidence. Because the statement was not admitted, we find no *Crawford* violation. Regardless, even if the trial court did err in this regard, the error was not outcome determinative because the statement was not the primary evidence supporting his convictions.

One witness testified that he witnessed defendant shoot the victim, and there was additional witness testimony that the victim identified defendant as the shooter. In this respect, defendant's mother's statement about what defendant told her was merely cumulative. We conclude that the prosecutor's questions did not affect the outcome of the trial court proceedings. Defendant, therefore, has failed to establish a plain error warranting reversal. [*People v Thomas*, unpublished per curiam opinion, pp 3-4, Court of Appeals No. 255126](citations omitted)

This claim is procedurally defaulted.  A procedural default occurs when a state procedure bars a petitioner's claim and the state court "clearly and expressly" relied on that bar.  *Harris v Reed*, 489 US 255, 263 (1989).  Under Michigan law, failure to make a contemporaneous objection serves as an independent and adequate state-law bar.  *People v Callon*, 256 Mich App 312, 329; 662 NW2d 501 (2003); *People v Stanaway*, 446 Mich 643, 687; 521 NW2d 557 (1994).  Thus, the state court's express finding of no plain error here serves as a procedural bar to Petitioner's prosecutorial misconduct claim.

The Supreme Court has stated that "in all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas corpus review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Lundgren v Mitchell*, 440 F3d 754, 763 (CA 6, 2006) citing *Coleman v Thompson*, 501 US 722, 749 (1991).  In this case, Petitioner has failed to establish or even allege cause and prejudice to excuse the default, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.  Therefore, habeas review of this claim is barred.

Petitioner's third habeas claim is procedurally defaulted and barred from habeas review. But even if the procedurally defaulted claim is considered, it is not cognizable and without merit. To the extent that Petitioner alleges violations of the Michigan Constitution or Michigan law,

such claims are not cognizable upon federal habeas review.  See Argument II.  Petitioner has

failed to establish a violation of his federal constitutional rights.

The state court adjudications of Petitioner's third habeas claim were neither an

unreasonable application of clearly established Supreme Court precedent nor an unreasonable

determination of the facts.  A fair reading of the Court of Appeals' opinion reveals that it applied

the appropriate constitutional test set forth in *Crawford* and that it applied it to the facts of

Petitioner's case in an ordinary fashion to reach a reasoned decision—determining that there was

no *Crawford* violation in Petitioner's case.[2]  The Court of Appeals also properly determined that

even if there was error, any error was not outcome determinative because the statement was not

the primary evidence supporting Petitioner's convictions.  This determination is supported by the

record.  Whether another court would have reached a different conclusion, the appellate court's

decision here was at least objectively reasonable and it was not an unreasonable determination of

the facts.  Petitioner has not demonstrated entitlement to habeas relief with respect to his third

habeas claim.

---

[2] Under *Crawford*, 541 US at 59 n.9, the Confrontation Clause does not bar the use of testimonial
statements for purposes other than establishing the truth of the matter asserted.  Because the
statement was not admitted to establish the truth of the matter asserted, it does not contravene
*Crawford*.  See *US v Acosta*, 475 F3d 677, 683 (CA 5, 2007).

**IV.    Petitioner's fourth habeas claim is not cognizable upon federal habeas review.**

In his fourth habeas claim, Petitioner contends that the trial court erred in admitting

Kellie Woodson's statements under the excited utterance exception to the Michigan rules of

evidence.  Petitioner raised this claim on direct appeal but the Court of Appeals rejected it:

> Defendant next argues that the trial court erred in admitting the victim's
> statements to one of the witnesses, identifying defendant as his shooter, under the
> "excited utterance" exception to the hearsay rule, MRE 803(2). We disagree.
>
> This Court reviews a trial court's decision to admit evidence under a
> hearsay exception for an abuse of discretion. If an unprejudiced person would find
> no justification or excuse for the ruling when considering the facts before the trial
> court, then an abuse of discretion has occurred. MRE 803(2) provides that a
> "statement relating to a startling event or condition made while the declarant was
> under the stress of excitement caused by the event or condition," is not excluded
> by the hearsay rule. This Court has explained:
>
>> The pertinent inquiry is not whether there has been time for the
>> declarant to fabricate a statement, but whether the declarant is so
>> overwhelmed that [he] lacks the capacity to fabricate.
>
> Here, the trial court did not abuse its discretion in finding that the victim was so
> overwhelmed that he lacked the capacity to fabricate. The witness testified that
> the victim appeared to have been shot shortly before he implicated defendant. The
> victim was having trouble breathing and was upset. The record showed that the
> victim's statement related to an event that unquestionably qualified as a startling
> event for purposes of MRE 803(2), and that the victim was under the stress of
> excitement caused by the event or condition. [*People v Thomas*, unpublished per
> curiam opinion, p 4, Court of Appeals No. 255126]

Petitioner's claim is essentially one involving an alleged violation of the Michigan rules

of evidence or Michigan law.  Therefore, it is not cognizable upon federal habeas review.  See

Argument II.

Petitioner has failed to establish—or even allege—that the admission of Woodson's

statement violated his federal constitutional rights.  "Habeas review does not encompass state

court rulings on the admission of evidence unless there is a constitutional violation." *Clemmons v*

*Sowders*, 34 F3d 352, 357 (CA 6, 1994).  Only "[w]hen an evidentiary ruling is so egregious that it results in a denial of fundamental fairness," may it violate due process and warrant habeas relief.  *Bugh v Mitchell*, 329 F3d 496, 512 (CA 6, 2003). "Errors by a state court in the admission of evidence are not cognizable in habeas corpus proceedings unless they so perniciously affect the prosecution of a criminal case as to deny the defendant the fundamental right to a fair trial." *Kelly v. Withrow*, 25 F.3d 363, 370 (CA 6, 1994).  Petitioner here has not shown that the admission of Woodson's testimony violated his federal constitutional right to a fair trial.

## __Conclusion__

For all of the foregoing reasons, Respondent respectfully requests that this Court deny

Petitioner habeas relief.  Respondent also opposes any request for discovery, evidentiary

hearings, bond, oral argument, or any other relief.

Respectfully submitted,

Michael A. Cox
Attorney General


s/ Raina Korbakis
Assistant Attorney General
Appellate Division
P. O. Box 30217
Lansing, MI  48909
(517) 373-4875
korbakisr@michigan.gov
(P49467)

Dated:  June 11, 2007
2007008371A/ThomasAnswer

18

**Certificate of Service**

I hereby certify that on June 11, 2007, I electronically filed the foregoing papers with the Clerk of the Court using ECF system which will send notification of such filing to the following:

Honorable John Corbett O'Meara
Magistrate Virginia M. Morgan

and I hereby certify that Kimberly S. Greenhoe has mailed by United States Postal Service the following papers to the following non-ECF participant:

Dennis Thomas #201014
Macomb Correctional Facility
34625 26 Mile Road
New Haven MI 48048

Honorable John Corbett O'Meara
Magistrate Virginia M. Morgan

MICHAEL A. COX
Attorney General

s/ Raina Korbakis
Assistant Attorney General
Appellate Division
P. O. Box 30217
Lansing, MI  48909
(517) 373-4875
korbakisr@michigan.gov
(P49467)