UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS THOMAS,

       Petitioner,

v.                                             Case Number: 06-CV-15465
                                              Honorable John Corbett O'Meara

HUGH WOLFENBARGER,

       Respondent.
_____/

**OPINION AND ORDER
DENYING PETITIONER'S MOTIONS FOR RELIEF FROM JUDGMENT
OR ORDER UNDER FEDERAL RULE 60(b) [Dkt. ## 24 & 25]**

On April 15, 2008, the Court denied Petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, finding his claims to be without merit. (Dkt. # 12.) The Court also denied Petitioner's motion for rehearing on May 5, 2008. (Dkt. # 15.) Petitioner subsequently filed a motion for certificate of appealability, which this Court denied on June 2, 2008. (Dkt. # 20.) Following that denial, Petitioner filed an application for a certificate of appealability with the United States Court of Appeals for the Sixth Circuit, which was denied. *Thomas v. Wolfenbarger*, No. 08-1743 (6th Cir. Nov. 4, 2008). The Sixth Circuit also denied Petitioner's motion for rehearing. *Thomas v. Wolfenbarger*, No. 08-1743 (6th Cir. Feb. 24, 2009). Before the Court now are Petitioner's two motions for relief from judgment filed pursuant to Fed.R.Civ.P. 60(b)(1); one addressed to this Court, filed on March 10, 2009, and the other addressed to Magistrate Virginia Morgan, filed on March 9, 2009. (Dkt. ## 24 & 25.) Both motions appear to be identical. For the reasons stated below, the motions are denied.

I.

After a bench trial in 2004, Petitioner was convicted of (1) second-degree murder in violation of MICH. COMP. LAWS § 750. 317, (2) possession of a firearm by a felon in violation of MICH. COMP. LAWS § 750. 224f, and, (3) possession of a firearm during the commission of a felony in violation of MICH. COMP. LAWS § 750. 227b. He was sentenced to twenty- to seventy-years imprisonment for the murder conviction, to be served concurrently with a sentence of two- to seven-and-one-half-years imprisonment for the felon-in-possession conviction, with those sentences to be served consecutively to a five-year sentence of imprisonment for the felony-firearm conviction. The Michigan Court of Appeals affirmed Petitioner's convictions and sentences and the Michigan Supreme Court denied his application for leave to appeal.

II.

A Rule 60(b) motion does not serve as a substitute for an appeal, or bring up for review a second time the merits of the district court's decision dismissing a habeas petition. *Rodger v. White*, 996 F. 2d 1216, 1993 (6th Cir. 1993); *See also Matura v. United States*, 189 F.R.D. 86, 89 (S.D.N.Y. 1999). Rather, Rule 60(b) is properly invoked in habeas cases "where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship, and should be liberally construed when substantial justice will thus be served." *Cornell v. Nix*, 119 F. 3d 1329, 1332 (8th Cir. 1997) (quoting *Mohammed v. Sullivan*, 866 F. 2d 258, 260 (8th Cir. 1989)).

Rule 60(b) states in part:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct of an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Rule 60(c) says that the motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. It has been suggested that when the "mistake" cited as a ground for relief under subpart (1) is an error of law, the "reasonable time" is limited to the time period in which the aggrieved party would otherwise have to appeal. *See Barrier v. Beaver*, 712 F.2d 231, 234-35 (6th Cir.1983) (quoting, but not adopting, trial court's decision to that effect).

The Court finds Petitioner's motions timely and will deny them because he has failed to offer any arguments which this Court has not already previously considered and rejected in its prior orders. *See Brumley v. Wingard,* 269 F. 3d 629, 647 (6th Cir. 2001). The Court denies the motions for the following reasons.

First, the Court found that, based on the facts presented to the trial court, and the elements of second-degree murder, as interpreted by the Michigan courts, Petitioner's insufficient evidence claim lacked merit. The Court found that there was overwhelming evidence presented that Petitioner was guilty of second-degree murder and therefore denied

-3-

relief on Petitioner's insufficient evidence claim.

Second, the Court further found that Petitioner's claim of ineffective assistance of counsel was meritless. Petitioner contended that counsel was ineffective because he failed to investigate and call alibi witnesses. However, Petitioner failed to provide the Court with any names of those who could verify his assertion. Because of the overwhelming evidence that Petitioner was at the scene of the murder, and because Petitioner presented no factual predicate that could have supported his defense, counsel's failure to further explore the alibi that Petitioner was Illinois did not prejudice Petitioner and did not amount to ineffective assistance under the standards set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Against that backdrop, the Court found that Petitioner was not entitled to habeas relief on his ineffective assistance of counsel claim.

Third, Petitioner argued that the prosecutor's attempt to impeach him with a signed statement from his mother violated his right under the Confrontation Clause because his mother was not present for cross-examination. There, the Court found that Petitioner's Confrontation Clause argument failed because it was procedurally defaulted–Petitioner raised that argument for the first time on appeal; he failed to object at trial. And, the Court found, even if it did not find that the claim was procedurally defaulted, it found that the Michigan Court of Appeals' decision was neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent.

Finally, the Court determined that Petitioner's claim regarding the admission of evidence was not cognizable upon habeas review; the trial court's ruling regarding the admission of that

evidence was not so egregious as to violate Petitioner's right to a fair trial.

Against that backdrop, Petitioner's motions for relief from judgment are denied.

III.

Based upon the foregoing, **IT IS ORDERED** that Petitioner's motions for relief from judgment [dkt/ ## 24 &25] are **DENIED.**

**SO ORDERED.**

s/John Corbett O'Meara
United States District Judge

Date:  March 20, 2009


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 20, 2009, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager